UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MERIDIAN PROJECT SYSTEMS, INC.,

    Plaintiff,

  v.                      NO. CIV. S-04-2728 FCD DAD

                         <u>MEMORANDUM AND ORDER</u>

HARDIN CONSTRUCTION COMPANY, LLC, and COMPUTER METHODS INTERNATION CORP.,

    Defendants.
_____/

COMPUTER METHODS INTERNATION CORP., and HARDIN CONSTRUCTION COMPANY, LLC,

    Counterclaimants,

  v.

MERIDIAN PROJECT SYSTEMS, INC., and JAMES OLSEN, JOHN BODROZIC, and MIKE CARRINGTON,

    Counterdefendants.
_____/

1

----oo0oo----

This matter is before the court on plaintiff's Meridian Project Systems, Inc.'s ("Meridian") motion for leave to file a second amended complaint. Defendants Hardin Construction Companis, LLC ("Hardin") and Computer Methods International Corp. ("CMIC") oppose the motion. For the reasons set forth below,[1] plaintiff's motion is GRANTED.

## BACKGROUND

Meridian is a software company that provides project management software for large real estate projects and other capital-intensive construction initiatives. (First Amended Complaint ("FAC") ¶ 9.) Meridian's "flagship" product is Prolog Manager ("Prolog"), a project management software package that automates all aspects of the construction process, from project design to closeout. (FAC ¶ 9.) Defendant Hardin Construction Company, LLC ("Hardin") is a large construction company in Georgia and long-time customer of Meridian for its Prolog product. (FAC ¶ 11.) Defendant CMIC is a software company based in Canada that provides software products and software consulting. (FAC ¶ 14.) Meridian alleges that, beginning in late 2000 or early 2001, Hardin and CMIC initiated a scheme to reverse engineer Prolog for the purpose of developing a competing project management software solution that CMIC could combine with its existing financial and operational software. (FAC ¶ 16.)

On November 29, 2004, Meridian filed a complaint against

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

1  CMIC and Hardin in the Superior Court of Sacramento County.  CMIC
2  and Hardin subsequently removed the action to this court.  The
3  original complaint asserted seven causes of action for breach of
4  contract against CMIC, breach of contract against Hardin, breach
5  of the implied covenant of good faith and fair dealing, fraud,
6  interference with contractual relations, intentional interference
7  with prospective economic advantage, and unfair competition.
8  (FAC ¶¶ 20-58.)  On January 14, 2005, plaintiff filed the First
9  Amended Complaint, which added an eighth claim, for copyright
10 infringement, to the seven claims asserted in the original
11 complaint.  (FAC ¶¶ 59-68.)

12      On October 28, 2005, a pretrial scheduling order was entered
13 in the court.  The scheduling order provides that "[n]o further
14 joinder of parties or amendments to pleadings is permitted
15 without leave of court, good cause having been shown."  (Pretrial
16 Scheduling Order, Oct. 28, 2005, Docket No. 64 (citing Rule
17 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th
18 Cir. 1992)).  The scheduling order further provides that the
19 plaintiff may file a motion to amend and have it heard no later
20 than January 13, 2006.  (Id.)

21      On December 16, 2005, plaintiff filed a motion for leave to
22 file a second amended complaint.  The motion was scheduled to be
23 heard on January 13, 2006.  Plaintiffs seek to amend their
24 complaint to (1) clarify certain factual allegations against
25 defendants based upon evidence produced in discovery; (2) attach
26 a Certificate of Copyright Registration for Meridian's Prolog
27 Version 6.0 software; and (3) add a claim for conversion based on
28 evidence developed during recent discovery.  (Pl.'s Mot. to

3

Amend, filed Dec. 16, 2005, at 2). Defendants oppose plaintiff's motion only to the extent that it seeks to add a claim for conversion. (Defs.' Opp'n, filed Dec. 30, 2005, at 2).

**STANDARD**

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).[2]

A scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). The pretrial scheduling order is designed to allow the district court to better manage its calendar and to facilitate more efficient disposition of cases by settlement or by trial. See Mammoth Recreations, 975 F.2d at 610-11; Fed. R. Civ. P. 16 advisory committee notes (1983 amendment).

When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not

---

[2] To rely solely on Rule 15 after a pretrial scheduling order has been entered would "render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); see also Mammoth Recreations, 975 F.2d at 610 (adopting Rule 15's standards for amending the complaint would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier"); Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

4

1 diligent, the inquiry should end." Id. at 610; see also
2 Gestetner, 108 F.R.D. at 141.

3     Only after the moving party has demonstrated diligence under
4 Rule 16 does the court apply the standard under Rule 15 to
5 determine whether the amendment was proper.  See Mammoth
6 Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp.
7 at 1232 n.3.  Pursuant to Rule 15(a), "leave [to amend] is to be
8 freely given when justice so requires."  "[L]eave to amend should
9 be granted unless amendment would cause prejudice to the opposing
10 party, is sought in bad faith, is futile, or creates undue
11 delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir.
12 1997).

13 **ANALYSIS**

14 **I.   Rule 16(b)**

15     Plaintiff has brought this motion to amend in compliance
16 with the deadline set forth in the scheduling order.  Therefore,
17 in order to demonstrate good cause, plaintiff need only show
18 diligence in uncovering facts supporting the amendments.  See
19 Johnson, 975 F.2d at 609.  Plaintiff argues that it has shown
20 good cause to amend its complaint because it only recently
21 learned of the basis for the proposed claim of conversion through
22 discovery and depositions.

23     Plaintiff asserts that it first received documents from
24 defendant Hardin on May 27, 2005, and from defendant CMIC on June
25 15, 2005.  (Declaration of Scott W. Pink ("Pink Decl."), filed
26 Dec. 16, 2005, ¶ 3).  However, nearly all of the documents were
27 designated "Highly Confidential-Attorney Eyes Only" which
28 prevented plaintiff's counsel from showing key documents to the

plaintiff.  (Id.)  The parties reached an agreement regarding the confidentiality designations on September 13, 2005.  (Id. ¶ 6).  Plaintiff deposed Hardin employees on October 12-14, 2005.  (Id. ¶ 7).  As a result of this discovery, plaintiff discovered evidence regarding the use of plaintiff's Prolog software that it believes supports a claims for conversion.  (Id. ¶ 9).  Plaintiff asserts that the deposition testimony revealed facts supporting its conversion claim that were not previously known to it.  (Pl.'s Mot. at 3-4).

Plaintiff has produced evidence that it was diligent in conducting discovery in this matter, and specifically, that it was diligent in uncovering the facts supporting the amendments.  The facts set forth by plaintiff demonstrate that there were disputes regarding the confidentiality of documents which prevented plaintiff from seeing key documents.  The facts demonstrate that once this dispute was settled and depositions were taken, plaintiff discovered evidence that supported a claim for conversion.  Plaintiff then filed this motion to amend in a timely manner.  Therefore, plaintiff has demonstrated diligence in uncovering the facts supporting the amendment, and thus, good cause has been shown pursuant to Rule 16.

**II.  Rule 15(a)**

Plaintiffs also argue that leave to amend should be granted pursuant to Rule 15.  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).  Defendants argue that leave to amend should not be granted because the new

6

claim for conversion is futile as pre-empted by the Copyright Act. (Def.'s Opp'n at 5).[3]

Assuming for the purposes of this motion[4] that plaintiff's conversion claim is pre-empted by the Copyright Act, plaintiff may assert this claim in the alternative. Defendants assert in their Third Amended Answer to plaintiff's First Amended Complaint and Counterclaim that plaintiff's Prolog software is copyrightable subject matter within the scope of the Copyright Act. To the extent that plaintiff's claim for copyright infringement may fail on this ground, plaintiff may have an actionable claim for conversion. Therefore, plaintiff's proposed addition of the claim for conversion is not futile.

**CONCLUSION**

For the reasons stated herein, plaintiff's motion for leave to file a second amended complaint is GRANTED.

IT IS SO ORDERED.

DATED: January 18, 2006.

/s/Frank C. Damrell, Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] Defendants do not assert that plaintiff's amendment is sought in bad faith or would cause undue delay.

[4] For the reasons set forth herein, it is not necessary for the court to determine whether the conversion claim in this case is pre-empted by the Copyright Act on plaintiff's motion to amend.