IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERIDIAN PROJECT SYSTEMS, INC.,        NO.  CIV.S-04-2728 FCD DAD

    Plaintiff,

  v.                                   FINDINGS AND RECOMMENDATIONS

HARDIN CONSTRUCTION COMPANY, LLC, et al.,

    Defendants.

_____/

This matter is before the court on plaintiff Meridian Project Systems, Inc.'s (Meridian) motion to strike pursuant to Federal Rule of Civil Procedure 37(c)(1) due to defendants' failure to comply with the expert disclosure requirements of Rule 26(a)(2).[1] In particular, plaintiff Meridian moves to strike pages 1:17-2:3 and 2:7-8 of defendants Computer Methods International Corporation (CMIC) and Hardin Construction Company, LLC's (Hardin) expert witness

---

[1] All references to the Rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

disclosure and exclude any expert witness testimony by Messrs. Rawlins, Cockshutt, Bensley, Traeger and Pinto. Scott W. Pink appeared on behalf of plaintiff Meridian at the hearing on the motion. Chris Gibson appeared on behalf of defendants CMIC and Hardin. For the reasons set forth below, the undersigned will recommend that the motion to strike be granted.

## Applicable Legal Standards

Rule 26(a)(2) provides, in relevant part:

> (A) ... [A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness....

Fed. R. Civ. P. 26(a)(2)(A) & (B).

Rule 37 addresses a party's failure to make such disclosures and provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)

2

    and may include informing the jury of the failure
to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

  The Ninth Circuit Court of Appeals has observed that "we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)(citing Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 34 (1st Cir. 2001)). In Yeti by Molly the Ninth Circuit upheld the district court's exclusion of expert testimony where the defendant disclosed the expert's report outside the time provided by Rule 26(a)(2). The court explained that subsection (c)(1) of Rule 37, which was implemented in the 1993 amendments to the Rules,

> is a recognized broadening of the sanctioning power. Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998) ("[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule...."). The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...." Fed. R. Civ. P. 37 advisory committee's note (1993). Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. Ortiz-Lopez, 248 F.3d at 35 (although the exclusion of an expert would prevent plaintiff from making out a case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1)).

Yeti by Molly, 259 F.3d at 1106.

  The court further recognized that "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be

3

introduced if the parties' failure to disclose the required information is substantially justified or harmless." Id.  The party facing sanctions bears the burden in this regard.  Id. at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001)("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction.")

Also coming into play in this discovery dispute is the Status (Pretrial Scheduling) Order issued by the assigned district judge, the Honorable Frank C. Damrell, Jr.  That order required the parties

> to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise <u>of each expert</u> that they propose to tender at trial .... <u>The designation shall be accompanied by a written report prepared and signed by the witness</u>.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

(Status (Pretrial Scheduling) Order filed October 28, 2005, at 2) (emphasis added.)  The order provides the following definition with respect to the term "expert":

> For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, <u>which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case)</u> and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  Each party

4

>                 shall identify whether a disclosed expert is
>                 percipient, retained, or both.  It will be
>                 assumed that a party designating a retained
>                 expert has acquired the express permission of the
>                 witness to be so listed.  Parties designating
>                 percipient experts must state in the designation
>                 who is responsible for arranging the deposition
>                 of such persons.

(Id. at 2-3) (emphasis added).

**ANALYSIS**

Judge Damrell's scheduling order is quite specific.  The court recognizes the apparently general rule that percipient expert witnesses are not required to produce a written report.  See Fed. R. Civ. P. 26 advisory committee's note (1993)("The requirement of a written report ... applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony."); Navajo Nation v. Norris, 189 F.R.D. 610 (E.D. Wash. 1999) (denying motion to strike due to plain language of Rule 26(a)(2)(B) and because none of the expert employee witnesses had been regularly used as expert witnesses or retained to provide expert testimony).  However, the scheduling order, which the parties have been operating under for approximately one year, modifies that rule in making no distinction between retained experts and percipient experts.  Moreover, the order expressly required expert reports from both types of experts.  Defendants disclosed Messrs. Rawlins, Cockshutt, Bensley, Traeger and Pinto as percipient expert witnesses but did not timely produce reports from them.  Therefore, it appears that the motion to strike must be granted.

5

The court does not agree with defendants that they were substantially justified in not producing the required reports because of vagueness in the terms of Judge Damrell's order. As discussed above, the order clearly required reports from both percipient and expert witnesses. Any suggestion to the contrary is belied by the plain language of the order.

Nor was the failure to provide reports from percipient experts harmless, as defendants contend, because the individuals at issue have been deposed. Those depositions occurred before their disclosure as experts and therefore before plaintiff had any motivation to question the individuals on the scope of their expert testimony.

Finally, the court is not persuaded by defendants' suggestion at oral argument that the witnesses are not truly expert witnesses, but only fact witnesses who happen to have expertise in some areas. Even assuming defendants' disclosure of the individuals as experts was done out of an abundance of caution, as defendants have represented, defendants have not yet demonstrated with any certainty that the witnesses are <u>not</u> "persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case." (Status (Pretrial Scheduling) Order filed October 28, 2005, at 2-3.)

For these reasons, the undersigned will recommend that the motion to strike be granted. The undersigned will not, however, recommend that each witness be precluded from testifying altogether.

6

Rather, it is recommended only that each witness be precluded from testifying as an "expert," as that term is defined in Judge Damrell's order.

Finally, the undersigned recognizes that plaintiff's motion is brought pursuant to Rule 37. Such a discovery motion ordinarily is resolved by way of order by the assigned magistrate judge. Nonetheless, the court is mindful of defendants' contention that the assigned district judge, in issuing his scheduling order, did not actually intend to require the production of reports from both percipient and retained expert witnesses. In support of this contention, defendants point to their experience in litigating other cases before Judge Damrell and assert that such a mandate would require any testifying witness with any expertise in an area in which he or she might testify to produce a report, an unwieldy requirement according to defendants.[2] The court also recognizes that the disposition of plaintiff's motion ultimately depends on the interpretation of the Status (Pretrial Scheduling) Order, which was issued by Judge Damrell who therefore is in the best position to interpret the order. For these reasons, the undersigned will recommend, as opposed to order, that plaintiff's motion be granted. As a result, the assigned district judge will have the opportunity to conduct a de novo review of this matter. See 28 U.S.C. § 636(b)(1).

---

[2] The undersigned notes that this rationale espoused by defendants is consistent with the general rule that the requirement of written reports applies only to experts who are retained or explicitly employed to provide such testimony. Nonetheless, this default rule is trumped by a specific order by the trial judge. Such appears to be the case here.

7

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff Meridian's motion to strike be granted; and

2. Pages 1:17-2:3 and 2:7-8 of defendants CMIC and Hardin's expert witness disclosure be stricken and Messrs. Rawlins, Cockshutt, Bensley, Traeger and Pinto be precluded from offering expert testimony.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five (5) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.civil\meridian2728.091506

8